**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Vineyard Vines, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | **Jury Trial Demanded** |
| Wicker Designs, Ltd., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Vineyard Vines, LLC ("Vineyard Vines"), for its complaint against Defendant Wicker Designs, Ltd. ("WDL"), alleges on personal knowledge as to its actions, and upon information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action arises out of WDL's knowing and intentional copying and mimicry of Vineyard Vines' iconic Whale Design trademark shown below.



More particularly, this is an action for trademark infringement, trademark dilution, unfair competition, and related federal, state and common law causes of action.

## PARTIES

2. Vineyard Vines is a Connecticut limited liability company having its principal place of business located at 181 Harbor Drive, Stamford, Connecticut 06902.

3. On information and belief, WDL is a Rhode Island corporation having its

principal place of business located at 121 Swinburne Row, Brick Market Place, Newport, Rhode Island 02840.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over WDL because it is located within this judicial district, has committed tortious acts within this judicial district, has transacted business within this judicial district (including sales of the infringing merchandise within this judicial district), and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

6. Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because WDL is subject to personal jurisdiction within this judicial district and a substantial part of the events and injury giving rise to Vineyard Vines' claims is occurring within this judicial district.

## VINEYARDS VINES' WHALE DESIGN TRADEMARK

7. In 1998, brothers Ian and Shep Murray set out to live the American dream and left their corporate jobs to create a line of whimsical men's neckties inspired by the colors and designs of Martha's Vineyard, a destination they loved to visit. The first 800 ties were delivered on July 3, 1998 and were sold out in the first week. As the popularity of the neckties grew, the Vineyard Vines brand was expanded to a full line of casual sportswear for men, women and children, accessories, and products for the home, all drawing inspiration from the relaxed lifestyle of Martha's Vineyard.

8. For nearly twenty (20) years, and since long prior to the acts of WDL complained

of herein, Vineyard Vines has been engaged in manufacturing, distributing, offering for sale and selling a broad range of uniquely designed luxury brand men's, women's and children's clothing and accessories.  As such, Vineyard Vines has become a leader in the clothing and accessories industry in this country and is well known for its colorful, nautical and whimsical designs on its products.  Probably the most well-known symbol of the Vineyard Vines brand is its fanciful whale design (the "Whale Design"), which was developed and first used by Vineyard Vines at least as early as September 1, 2003 and first registered with the United States Patent and Trademark Office ("USPTO") on July 19, 2005.

9. The signature Whale Design has become an iconic symbol representing the Vineyard Vines brand and is prominently used on a wide array of men's, women's and children's sportswear and accessories, as well as other related goods.

10. Vineyard Vines now operates approximately fifty (50) Vineyard Vines branded standalone retail and outlet locations throughout the United States and continues to expand its retail presence through additional prominent in-store and store-in-a-store facilities in many major retail stores, including Bloomingdales, Belk, Nordstrom, Saks Fifth Avenue and Island Pursuits, as well as in boutique clothiers throughout the United States.  Vineyard Vines also promotes and offers its products for sale on its website, www.VineyardVines.com.

11. As a consequence of Vineyard Vines' longstanding and continuous use of its Whale Design mark, Vineyard Vines' business and merchandise have become closely associated with one another in the mind of the public so that the public in this country has come to recognize the business and merchandise of Vineyard Vines, at least in part, by the Whale Design. As such, Vineyard Vines enjoys substantial goodwill and a valuable reputation under the Whale Design trademark.

12. Because the Whale Design has a distinctive quality and has acquired special and particular significance and very valuable goodwill as an identifier of Vineyard Vines and its merchandise, Vineyard Vines has acquired proprietary rights in the Whale Design under the common law as a trademark and service mark for men's, women's and children's clothing and accessories, and for related goods and services. Those rights extend, without limitation, to the exclusive right to use the Whale Design nationwide on and in conjunction with such clothing goods and related merchandise and services.

13. Moreover, Vineyard Vines' Whale Design is the subject of several federal trademark and service mark registrations. Those registrations include, *inter alia*, U.S. Trademark Registration No. 2,969,692 which issued July 19, 2005 and pertains to the use of the Whale Design as a trademark for various clothing goods. That registration (a copy of which is attached hereto as Exhibit A) is valid, subsisting and incontestable.

## **WDL'S UNLAWFUL ACTIVITIES**

14. On information and belief, WDL operates multiple retail stores in which it sells clothing, accessories and other merchandise. Those stores include retail stores in Newport and Providence doing business under the trade name "Pleasant Surprise" and retail stores in Newport doing business as "Pleasant Surprise Two" and "PS Gear Division."

15. It recently came to Vineyard Vines' attention that WDL has been and/or is selling clothing, accessories and other merchandise which incorporate graphic elements depicting prominently unauthorized replications and imitations of Vineyard Vines' Whale Design trademark. Images of some of these goods (the "Infringing Products") are depicted in Exhibit B hereto.

16. Because of the striking similarities between Vineyard Vines' Whale Design

trademark and the whale designs appearing prominently on the Infringing Products, members of the public are likely to be initially interested in the Infringing Products upon encountering them for sale by WDL. Thus, such mimicry is likely to lead to initial interest confusion or point-of-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its merchandise.

17. Additionally, because of such similarities, members of the public, who encounter the Infringing Products being worn or used by WDL's customers or other persons, are likely to experience post-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its merchandise.

18. The activities of WDL complained of herein constitute willful infringement and dilution of Vineyard Vine's proprietary rights in the Whale Design mark and have continued in spite of WDL's knowledge that the use of such proprietary mark, or any colorable imitation thereof, was and remains in direct contravention of the exclusive proprietary rights of Vineyard Vines.

19. WDL's unlawful activity results in irreparable harm and injury to Vineyard Vines in that, among other things, it: deprives Vineyard Vines of its absolute right to determine the manner in which its image is presented to the public through the promotion and sale of goods bearing reproductions or colorable imitations of its mark; deceives and confuses the public as to the origin and sponsorship of such goods either when members of the public initially encounter the Infringing Products, and/or at the point-of-sale of the Infringing Products, and/or when the Infringing Products are encountered in post-sale situations; wrongfully preys upon and cashes in on the reputation and commercial value of Vineyard Vines as well as its exclusive rights in the proprietary Whale Design mark; and irreparably harms and injures, or threatens to harm and

5

injure, the reputation of Vineyard Vines for providing quality goods.

20. Because of WDL's unlawful activities, on July 6, 2015, Vineyard Vines' attorney sent via certified mail to WDL the demand letter and materials depicted in Exhibit B hereto. Notwithstanding WDL's receipt of that demand letter, WDL failed to respond in any manner. Subsequently, and as reflected in Exhibit C hereto, Vineyard Vines' attorney again sent the demand letter to WDL, via email on July 21, 2015. Still WDL failed to respond in any manner. Thus, WDL's unlawful activities and multiple failures to respond to Vineyard Vines have necessitated the filing of this lawsuit.

### Count I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

21. Vineyard Vines repeats and realleges the contents of Paragraphs 1-20 as though fully set forth herein.

22. WDL's use in commerce of a colorable imitation of the federally registered Whale Design mark in connection with the promotion, offering for sale, sale and distribution of clothing goods and other merchandise is likely to cause confusion, or to cause mistake or deceive customers, potential customers, and/or other members of the public.

23. Such acts constitute infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. The aforesaid acts of WDL have injured Vineyard Vines in an amount to be determined at trial.

25. The aforesaid acts of WDL have also caused irreparable harm to Vineyard Vines and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count II

**DILUTION OF FAMOUS TRADEMARK**
**15 U.S.C. § 1125 (c) (§43 (c) of the Lanham Act)**

26. Vineyard Vines repeats and realleges the contents of Paragraphs 1-25 as thought fully set forth herein.

27. The Whale Design mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Vineyard Vines' clothing and other merchandise. The Whale Design mark became famous long prior to WDL's unlawful use of its colorable imitations thereof, as alleged herein.

28. WDL's use of colorable imitations of the Whale Design mark, in connection with the unauthorized sale in the United States of its Infringing Products, is likely to dilute Vineyard Vine's famous Whale Design mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the capacity of the Whale Design mark to identify and distinguish Vineyard Vines exclusively as the source of products and services in the United States bearing or provided under the famous Whale Design mark and by harming the reputation and goodwill of the famous Whale Design mark.

29. WDL's unauthorized use of colorable imitations of the Whale Design mark in connection with the sale in the United States of WDL's Infringing Products is intended and has the effect of trading on Vineyard Vines' reputation and causing dilution of the famous Whale Design mark.

30. WDL's trademark dilution as herein alleged has injured and will continue to injure Vineyard Vines in that Vineyard Vines has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of WDL's illegal conduct,

unless such unlawful conduct is enjoined by this Court. In addition, WDL has been unjustly enriched by reason of its acts of trademark dilution in that WDL has achieved sales and profits as a direct and proximate result of its illegal conduct.

31. Vineyard Vines is entitled to recover all damages sustained as a result of WDL's actions, all profits realized by WDL through its unlawful use of colorable imitations of Vineyard Vines' Whale Design mark and in connection with WDL's offering for sale and sale of the Infringing Products.

32. WDL's actions have been willful and deliberate, entitling Vineyard Vines to recover treble damages and/or profits and an award of reasonable attorneys' fees against WDL.

## Count III

**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)**

33. Vineyard Vines repeats and realleges the contents of Paragraphs 1-32 as though fully set forth herein.

34. WDL's use in commerce of colorable imitations of Vineyard Vines' Whale Design trademark is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with Vineyard Vines or as to the origin, sponsorship or approval of WDL's goods by Vineyard Vines.

35. Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36. The aforesaid acts of WDL have injured Vineyard Vines in an amount to be determined at trial.

37. The aforesaid acts of WDL have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count IV

### COMMON LAW UNFAIR COMPETITION

38.     Vineyard Vines repeats and realleges the contents of Paragraphs 1-37 as if fully set forth herein.

39.     WDL has engaged in unfair competition with Vineyard Vines in violation of the common law of Rhode Island and other states, by advertising, promoting, offering and selling its products using colorable imitations of Vineyard Vines' Whale Design trademark, and by trading upon the goodwill established by Vineyard Vines and thereby misappropriating the benefits of substantial effort and money expended by Vineyard Vines in establishing its rights in its trademark and the goodwill and reputation of Vineyard Vines.

40.     The aforesaid acts of WDL have damaged Vineyard Vines in an amount to be determined at trial.

41.     The aforesaid acts of WDL have also caused Vineyard Vines irreparable injury and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### JURY DEMAND

Vineyard Vines demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Vineyard Vines respectfully requests the following relief:

A.      Preliminary and permanent injunctions prohibiting WDL, its officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by

any of them, from using the whale designations which have appeared on the Infringing Products, and from using any other colorable imitations of Vineyard Vines' Whale Design trademark in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, offering, selling or distribution of clothing goods and any other merchandise in the United States;

B. Preliminary and permanent injunctions requiring WDL to remove all use of the infringing and dilutive designations from its web site, sales aids, advertisements, and any other promotional material or medium;

C. An order requiring the surrender to Vineyard Vines of all goods and other materials in WDL's possession, custody or control bearing the infringing and dilutive designations, for the destruction of such goods and materials by Vineyard Vines, and requiring further the filing and service of a certified report by WDL, identifying and attesting to the surrender of those goods and other materials in such particular details as the Court shall deem appropriate;

D. An accounting for all profits derived by WDL and its affiliates from such unlawful acts;

E. An award of such monetary remedies in an amount sufficient to compensate Vineyard Vines for losses it has sustained as a consequence of WDL's unlawful acts, as well as the profits of WDL attributable to such infringements and dilution;

F. An award of Vineyard Vines' damages, including treble damages, costs and attorneys' fees for WDL's acts of trademark infringement and dilution, pursuant to 15 U.S.C. §§ 1051, *et seq.*, particularly including 15 U.S.C. §§ 1114 and 1125(a) and (c);

G. All such other and further relief as this Court may deem just and proper.

**VINEYARD VINES, LLC**
By Its Attorneys,


/s/ Christine K. Bush
Christine K. Bush (#5587)
HINCKLEY, ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Telephone:  (401) 457-5140
cbush@hinckleyallen.com

Of Counsel:

Larry C. Jones (*pro hac vice* application to be filed)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone:  (704) 444-1019
larry.jones@alston.com